**Roberto Carlos ARTEAGA–RUIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73670.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 25, 2007.

Robert G. Nylander, Esq., Cutler Nylander & Hayton, Seattle, WA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Alison Marie Igoe, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Roberto Carlos Arteaga–Ruiz petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") decision denying his application for withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"), and for deferral of removal

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under CAT. We deny the petition for review.

## I

Mr. Arteaga–Ruiz, a citizen of El Salvador, fled to the United States in 1989 and became a lawful permanent resident. On March 17, 1997, Mr. Arteaga–Ruiz pled guilty to robbery in the Los Angeles Superior Court at the age of 16. He was charged with this crime after the Los Angeles Juvenile Court determined that he was not suitable for treatment as a juvenile. Based on this conviction, an Immigration Judge ordered his removal. After six months in El Salvador, in November of 2001, Mr. Arteaga–Ruiz illegally reentered the United States.

## II

### A

■ Mr. Arteaga–Ruiz contends that the BIA erred in affirming the IJ's decision denying his application for withholding of removal under the INA and under CAT. However, Mr. Arteaga–Ruiz did not appeal to the BIA from the portions of the IJ's decision denying withholding of removal under these two provisions.

Accordingly, we decline to review the denial of Mr. Arteaga–Ruiz's application for withholding of removing under the INA and under CAT.[1] *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal.").

### B

■ Mr. Arteaga–Ruiz argues that the BIA erred by upholding the IJ's denial of deferral of removal under CAT. "Factual findings underlying the agency's final order ... are reviewed for substantial evidence." *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). Under this standard of review, "findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.'" *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

"To receive relief under the Convention, [the petitioner] must show that the gravity of the treatment he will likely suffer if he is removed ... rises to the level of 'torture.'" *Nuru,* 404 F.3d at 1217. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). "The burden of proof is on the applicant ... to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

Mr. Arteaga–Ruiz contends he was "tortured" when El Salvadorian police stopped him for no reason at all, repeatedly kicked and beat him, hit him on his chest with the butt of a M16 (which caused him to lose consciousness) and threatened to kill him.

We have affirmed an IJ's conclusion that evidence of past persecution did not amount to torture in similar circumstances. In *Kumar v. Gonzales,* 444 F.3d 1043 (9th Cir.2006), the petitioner was "repeatedly and severely beaten with wooden sticks and leather belts by [police] officers who told him that he would be killed if he did

---

1. Because Mr. Arteaga–Ruiz's equal protection argument is relevant *only* to the two unexhausted withholding of removal claims— not the properly presented deferral of removal claim—the court has no occasion to consider that argument here.

not disclose" certain information. *Id.* at 1047. The petitioner was also detained on numerous occasions by the police. *Id.* at 1047–48. We held in *Kumar* that, "[a]lthough [the petitioner] undeniably suffered abuse in the Jammu and Kashmir police station, we are unable to conclude that the IJ's ruling that it did not amount to torture was not supported by substantial evidence." *Id.* at 1055. Likewise, we find that substantial evidence supports the IJ's conclusion that Mr. Arteaga–Ruiz was not the victim of past torture.

█ There is also substantial evidence in the record to support the IJ's conclusion that Mr. Arteaga–Ruiz failed to demonstrate a likelihood of future torture based on El Salvador's country conditions. The 2003 U.S. State Department Country Report on Human Rights Practices in El Salvador provides: "The Government [in El Salvador] generally respected the human rights of its citizens." While the Report indicated that "[s]ome police officers used excessive force and mistreated detainees," it concluded that "[t]here were no reports of politically motivated disappearances or of police involvement in kidnapings during the year [in 2003]." The Report also indicated that in relation to torture, "[t]he Constitution [of El Salvador] prohibits such practices." While there is evidence in the record to support Mr. Arteaga–Ruiz's position, the IJ's determination that Mr. Arteaga–Ruiz failed to demonstrate a likelihood of future torture is supported by substantial evidence.

The petition for review is **DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.